IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

KATHY MADISON                                                                                              PLAINTIFF

vs.                                               Civil No. 4:18-cv-04114

NANCY A. BERRYHILL                                                       DEFENDANT
Acting Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Kathy Madison ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for Disability Insurance Benefits ("DIB") and a period of disability.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 7.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.    Background:**

Plaintiff protectively filed her DIB application on April 25, 2013. (Tr. 126). In this application, Plaintiff alleges being disabled due to pulled ligaments in her left arm, carpal tunnel syndrome in her right arm, and heartburn. (Tr. 301). Plaintiff originally alleged an onset date of July 28, 2011 but later amended that alleged onset date to November 25, 2011. (Tr. 15). This application was denied initially and again upon reconsideration. (Tr. 106-122).

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____" The transcript pages for this case are referenced by the designation "Tr."

1

Thereafter, Plaintiff requested an administrative hearing, and this hearing request was granted. (Tr. 43-63). Plaintiff's first administrative hearing was held on June 12, 2014. (Tr. 43-63). The ALJ then entered an unfavorable decision on June 25, 2015. (Tr. 123-144). After this decision was entered, Plaintiff requested review from the Appeals Council, and the Appeals Council remanded Plaintiff's case back to the ALJ for further administrative review. (Tr. 145-149).

The ALJ then held a second administrative hearing on September 12, 2017. (Tr. 64-105). This hearing was held in Texarkana, Arkansas. *Id.* Plaintiff and Vocational Expert ("VE") Mr. Rue[2] testified at the administrative hearing in this matter. *Id.* At this hearing, Plaintiff testified she was fifty-five (55) years old, which is defined as an "person of advanced age" under 20 C.F.R. § 404.1563(e) (2008). (Tr. 71). Plaintiff also testified she had only completed the eleventh grade in school. *Id.*

On November 20, 2017, after the administrative hearing, the ALJ entered a fully unfavorable decision denying Plaintiff's application. (Tr. 12-31). In this decision, the ALJ found Plaintiff last met the insured status requirements of the Act on December 31, 2016. (Tr. 17, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") from her amended alleged onset date of November 25, 2011 through her date last insured of December 31, 2016. (Tr. 17, Fining 2). The ALJ determined Plaintiff had the following "medically determinable impairments": arthritis of the right foot status-post fracture of right fifth metatarsal, umbilical hernia, diabetes, hypertension, cardiomegaly, status-post lateral epicondylectomy, GERD, de Quervain's syndrome, right carpal tunnel syndrome (CTS), depression, hyperlipidemia, and obesity. (Tr. 17, Finding 3).

---

[2] The first name of "Mr. Rue" is not included in the transcript in this matter. (Tr. 64).

The ALJ, however, also determined that although these were "medically determinable impairments," they were not "severe" impairments. (Tr. 17-23, Finding 4). Thus, because Plaintiff had no "severe" impairments, the ALJ determined Plaintiff had not been under a disability, as defined by the Act, at any time from November 25, 2011 (alleged onset date) through December 31, 2016 (Plaintiff's date last insured). (Tr. 23, Finding 5).

Thereafter, Plaintiff requested the review of the Appeals Council. (Tr. 1-6). On June 22, 2018, the Appeals Council denied this request for review. (Tr. 1-6). On August 8, 2018, Plaintiff filed her Complaint in this matter. ECF No. 1. The Parties consented to the jurisdiction of this Court on August 20, 2018. ECF No. 7. Both Parties have filed appeal briefs. ECF Nos. 11-12. This case is now ready for decision.

**2.** **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065,

1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.      Discussion:**

In her appeal brief, Plaintiff claims the ALJ's disability determination is not supported by substantial evidence in the record. ECF No. 11. Specifically, Plaintiff claims the ALJ erred in finding she did not suffer from *any* severe impairments. *Id.* at 2-13. Because the Court agrees with Plaintiff and finds the ALJ erred by finding her right hand impairment was non-severe, this case must be reversed and remanded.

A claimant suffers from a severe impairment if that impairment is more than slight and if that impairment affects the claimant's ability to do his or her basic work activities. *See Householder v. Bowen,* 861 F.2d 191, 192 n.1 (8th Cir. 1988). The Supreme Court has also held that a claimant does not suffer from a severe impairment where the claimant only suffers from "*slight abnormalities* that do not significantly limit any 'basic work activity.'" *See Bowen v. Yuckert,* 482 U.S. 137, 155 (1987) (O'Connor, S., concurring) (emphasis added); *see also Brown v. Bowen,* 827 F.2d 311, 311-12 (8th Cir. 1987) (adopting Justice O'Connor's language from *Bowen v. Yuckert*). *See also Kirby v. Astrue,* 500 F.3d 705, 707-09 (8th Cir. 2007).

Furthermore, the standard for determining whether a claimant suffers from a severe impairment is a low standard. *See Nicola v. Astrue,* 480 F.3d 885, 887 (8th Cir. 2007) (reversing the decision of the ALJ and holding that a diagnosis of borderline intellectual functioning should have been considered severe because that diagnosis was supported by sufficient medical evidence). If the ALJ errs by finding a severe impairment is not severe, the ALJ's disability determination must be reversed and remanded. *See Nicola,* 480 F.3d at 887.

In this case, Plaintiff alleged being disabled due to pain in her right hand. Plaintiff began being treated for this pain on July 8, 2013. (Tr. 423). She complained of her hand hurting for years,

but she reported the pain was increasing. *Id.* Upon physical examination, she was wearing a glove on her right hand, both her hands were tender to palpation, and her right hand was weak. *Id.* She was diagnosed at that time with arthralgia and prescribed diclofenac. (Tr. 424). On July 24, 2013, she began receiving treatment for her right upper extremity. (Tr. 634). She complained of numbness, tingling, and pain. *Id.* On examination, she was wearing a brace on her left wrist and right hand. *Id.* Her right thumb was tender, and she had a positive Tinel's test and a positive Phalen's test. *Id.* She was diagnosed with carpal tunnel syndrome. (Tr. 635).

On follow-up in November of 2013, Plaintiff continued to complain of pain and complained her diclofenac was not providing relief. (Tr. 632). Her Finkelstein and Tinel's tests were positive, and she still exhibited tenderness. *Id.* Her doctor diagnosed her with right de Quervain's syndrome and right carpal tunnel syndrome. (Tr. 633). She underwent a nerve conduction study (NCS) on January 1, 2014 which revealed milder C7 radiculopathy on the left with muscle membrane instability consistent with mild cervical nerve root pathology, demyelination of the left median nerve sensory fibers consistent with mild carpal tunnel syndrome, and normal findings for the right median nerve. (Tr. 628).

Plaintiff received a steroid injection in her right hand on January 24, 2014. (Tr. 624). On examination, she had pain with grind test and tenderness around the CMC joint. *Id.* She stated the injection helped for only a day and continued to complain of pain going up from her wrist into her forearm the following month. (Tr. 622). Plaintiff's treatment for the pain in her right wrist continued from 2015 through at least her date last insured of December 31, 2016. (Tr. 793, 1000).

However, despite these findings, and the fact Plaintiff had received treatment for her right wrist impairment for over three years, the ALJ still found Plaintiff's right wrist impairment was non-severe. As recognized above, the standard for determining whether an impairment is severe is a low

standard. Based upon this report, Plaintiff has presented sufficient evidence demonstrating her right wrist impairment meets that standard. Thus, this case must be reversed and remanded for further consideration of this issue and a determination as to whether any of Plaintiff's other impairments meet this low standard.

**4.      Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 21st day of March 2019.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE